Sumeer Kakar
Kalpana Nagampalli
**KAKAR, P.C.**
sk@kakarlaw.net kalpana@kakarlaw.net
525 Seventh Ave,
Suite 1810 New York, NY 10018
Tel: 212-704-2014
Fax: 646-513-3353
*Attorneys for Plaintiff, Alwand Vahan Jewelry, Ltd*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALWAND VAHAN JEWELRY LTD,** *a New York Corporation;*<br><br>**Plaintiff,**<br><br>vs.<br><br>**Lafonn, LLC.,** a California business entity, and DOES 1-10,<br><br>**Defendant.** | **Case No: 1:18-CV-10468 (PGG)**<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. TRADE DRESS INFRINGEMENT, FEDERAL UNFAIR COMPETITION;<br>3. COMMON LAW TRADEMARK INFRINGMENET AND UNFAIR COMPETITION;<br>4. BREACH OF CONTRACT. |

Plaintiff Alwand Vahan Jewelry Ltd. ("VAHAN" or "Plaintiff"), by and through its undersigned attorneys, hereby prays this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

VAHAN is a New York- based jewelry designer and dealer, widely known with decades of success and a worldwide client base. VAHAN's designs have been celebrated by media and consumers alike, and are regularly featured in luxury online and print publications, and stores, and high-end jewelry stores. VAHAN creates three-dimensional jewelry designs that employ its

1

trademark aesthetic, which is a unique, innovative, and appealing petals motif for its individual jewelry pieces and collections. VAHAN has the exclusive right to sell its jewelry designs to its customers, and no other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.

This lawsuit arises from Copyright Act, the Lanham Act and common law due to Defendant's unlawful conduct, which includes but is not limited to their manufacturing, importing, marketing, sale, and distribution of products that infringe VAHAN's rights in its jewelry designs and advertising, as described in full detail below.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C.§101 et seq, the Trademark Act of 1946, the Lanham Act, Title 15 U.S.C. § 1114, et seq., and the laws of New York State.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b), and ancillary jurisdiction over the attendant claims.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is, and at all times herein mentioned has been, a New York limited company in New York County, New York that does business under the name "ALWAND-VAHAN JEWELRY, LTD."

5. Plaintiff is informed and believes and thereon alleges that Defendant Lafonn, LLC. ("Lafonn" and/or "Defendant") is a California limited liability corporation that has and/or is doing business in and with the state of New York.

6. This Court has personal jurisdiction over Defendant because they are doing business in this State and District; have intentionally engaged in acts targeted at this District; have purported to enter into agreements with residents of this State and District; and have purposefully availed itself of the privilege of conducting activities in this State District. In addition, many of the wrongful acts complained herein occurred in this State and District.

## CLAIMS RELATED TO PLAINTIFF'S DESIGNS

7. Since 1968, VAHAN has been designing unique and celebrated jewelry designs. VAHAN is a renowned fine jewelry brand in the luxury market and expends considerable labor and expense to develop its signature pieces and structure and deploy advertising and marketing campaigns to further increase market awareness for its designs.

8. Plaintiff is the owner of jewelry designs that are depicted below and referred to as Subject Designs, which have been duly registered and deposited with the United States Copyright Office is shown here:



9. Plaintiff asserts U.S. Copyright Registration No. VA-1-730-830 for the Subject Designs.

10. Plaintiff is the exclusive owner of the copyrights underscoring the Subject Designs, as well as the related, inter alia, reproductions, adaptation, importation, marketing, and distribution rights.

11. Plaintiff is the owner and/or exclusive licensee of trade dress and trademark rights in appearance and aesthetic of its petals motif jewelry, as reflected in the Subject Designs.

12. Plaintiff has long been marketing, distributing, offering for sale and selling products bearing its distinct petals motif jewelry.

13. The design and ornamentation of VAHAN's petals motif jewelry, including without limitation the total image and overall appearance reflected in such features as the size, shape, wrap, color, or color combinations, product design, texture, and selection and arrangement of materials and accessories, are distinctive and non-functional.

14. The trade dress of VAHAN's jewelry line consists of, but is not limited to, the following:
   a. Petals motif in precious and semiprecious metals;
   b. Alternating rows of circular bead-like pattern and bar with vertical ridges; and
   c. Distinct beads at the intersection of the petals design and the beginning of the jewelry.

15. A true and correct reproduction of VAHAN's trade dress described herein as the "petals motif." is shown here:



16. The appearance, nature, and representations of VAHAN's petals motif jewelry are of such unique design that a customer would immediately rely on it to ascertain the source of the product.

17. VAHAN's petals motif jewelry is marketed and sold to a certain class of consumer who readily identifies the petals motif with VAHAN and its products.

18. Plaintiff's petals motif jewelry has been extensively advertised, inter alia, through trade shows, over the internet, print publications and catalogs, in United States and Worldwide.

19. As a result, VAHAN petals motif jewelry has gained fame and recognition in the marketplace.

20. Plaintiff expended substantial time and energy in developing its line into widely recognized unique brand of jewelry with substantial goodwill and a worldwide client base. Plaintiff's unique, desirable and original works are featured in popular and influential fashion magazines including but not limited to *ELLE, Grace Ormonde, INSTORE, Parade, Veranda, MORE, InStyle, InTouch, Town & Country, Flare, Genlux, Harper's BAZAAR, Inside Wedding, Latina, SELF, W Magazine, Women's Wear Daily*, and *Zink Magazine*. Also, Plaintiff's products are sold in fine jewelry stores across the country, and VAHAN's name and brand has received numerous accolades and press recognition.

21. As detailed herein, VAHAN's distinctive petals motif jewelry is protected by trade dress. The petals motif and trade dress will be collectively referred to as the "VAHAN Trade Dress."

22. Plaintiff is the owner of U.S. Trademark Registration Nos. 4714583 and 4051137 ("VAHAN Trademarks") for designs featuring the VAHAN Trade Dress.

23. Plaintiff's jewelry designs bearing VAHAN Trade Dress, by reason of their style, distinctive designs, and craftsmanship have come to be known by the purchasing public as being of the highest quality. The goodwill associated with VAHAN Trade Dress is of immense value to Plaintiff

24. Through Plaintiff's efforts, Plaintiff succeeds in creating products that placed Plaintiff's jewelry among the most popular and respected in the United States market. Plaintiff's jewelry has received and continues to receive major media attention. This exposure has firmly established the VAHAN Trade Dress as a famous and unique indicator of Plaintiff as the source of origin of its distinctive designs.

25. Based on the sales and marketing of Plaintiff's jewelry, the VAHAN Trade Dress has developed a secondary meaning and significance in the minds of the purchasing public, and the VAHAN petals motif jewelry bearing such trade dress are identified and associated by the public with Plaintiff.

26. Plaintiff's copyrights in the Subject Designs and VAHAN Trade Dress are vital to Plaintiff and Plaintiff suffers irreparable harm if any third parties, including Defendant, and each of them, are allowed to continue manufacturing, marketing, and selling goods that infringe VAHAN's copyrights in the Subject Designs, and bear a trade dress that unlawfully replicates and imitates the VAHAN Trade Dress, and are marketed in a fashion similar to the marketing deployed by VAHAN.

27. At the least, the Subject Designs and VAHAN's advertising are readily available to the public on Plaintiff's on-line website, on third party websites, in Plaintiff's and third-party catalogues, in magazines and other marketing outlets, and at accessory industry trade shows. The Plaintiff's intellectual property rights and advertising has been misappropriated by the Defendant in an attempt to wrongly further confuse the consumer, as set forth below.

28. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant is, among other unlawful acts, purchasing, distributing, importing, advertising, and selling for profit jewelry that infringes the Subject Designs (hereinafter "Infringing Designs"). The comparison chart below is a true and correct reproduction of VAHAN's Subject Designs and Lafonn's Infringing Designs.

| **Vahan Subject Designs** | **Lafonn's Infringing Designs** |
|---|---|
| | B0095CLT |
| | |

6



|  | B0096CLT |
|---|---|
|  | B0097CLT |
|  | B0098CLT |
|  | B0099CLT |



| | B000100CLT |
| | B00101CLT |
| | B00107 CL |

29. Plaintiff is informed and believes that certain of the Infringing Designs were manufactured, developed, imported, marketed, sold, and distributed by Lafonn.

30. Plaintiff served cease and desist demands, dated on or about June 21, 2017, on the Defendant mandating that they cease and desist in its infringement of the Subject Designs and provide an accounting of the sales resulting from the infringement. Compliance with these requests did not occur.

31. On September 1, 2017, Defendant signed a Settlement Agreement with VAHAN ("Settlement Agreement") representing and warranting that it had not sold any pieces incorporating the Infringing Designs and "will cease any and all display, offer for sale, marketing, promotion, advertising, distribution and sale …" of the Infringing Designs. Attached as Exhibit A is a true and correct copy of the Settlement Agreement between VAHAN and Defendant.

32. Upon information and belief, Defendant is continuing to display, offer for sale, market, promote, advertise, distribute and sell the Infringing Designs, on its website and at trade shows.

33. Defendant's continuing act of displaying, offering for sale, marketing, promoting, advertising, distributing and selling the Infringing Designs is in direct violation of the Settlement Agreement.

34. Upon information and belief, Defendant, and each of their Infringing Designs have been widely promoted, marketed, offered for sale, sold and distributed throughout at least the United States, including within this district. Upon information and belief, the activities of Defendant complained of herein are continuing, constitute willful and intentional infringement of Plaintiff's copyright and are in total disregard of Plaintiff's rights.

35. Upon information and belief, Defendant has infringed, are infringing, and unless stopped will continue to infringe the VAHAN Trade Dress by advertising, distributing, selling and/or offering for sale unauthorized products that bear trade dress that unlawfully copies or imitates the popular, unique, distinctive, and non-functional VAHAN Trade Dress.

36. Upon information and belief, Defendant has, is, and will continue to unlawfully advertise, distribute, sell and/or offer for sale its unauthorized products in this judicial district and throughout at least the United States.

37. On information and belief, long after Plaintiff's adoption and use of its petals motif trade dress, Defendant has commenced the production, manufacturing, distribution, advertisement, offer for sale, and/or sale of jewelry that infringed the VAHAN Trade Dress.

38. The manufacture, distribution, advertisement, offer for sale, and sale of Defendant's products bearing the VAHAN Trade Dress was not authorized or approved by Plaintiff.

39. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of the VAHAN Trade Dress; are in total disregard of the Plaintiff's rights; and were commenced and have continued despite Plaintiff specifically having notified Defendant of Plaintiff's rights and the infringement complained of herein. Further, this conduct is willful and intentional because Defendant had notice that the conduct complained of herein, including without limitation Defendant's marketing and sale of jewelry that is substantially and confusingly similar to VAHAN's designs, and contains confusingly similar trade dress, and the employment of advertising similar to that employed by VAHAN, was and is in direct contravention of Plaintiff's rights, and was willfully intended by Defendant.

40. Defendant's use of the Infringing Designs in connection with the sale of jewelry and/or accessories has been without the consent of Plaintiff.

41. Defendant's use of the Infringing Designs is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, confusion, or association of the Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the Defendant' goods, services, or commercial activities by Plaintiff.

42. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant, and each of them, procured, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed jewelry featuring designs which are identical, or substantially similar to, the Subject Designs.

43. Defendant' use of a copy or colorable imitation of the VAHAN Trade Dress has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public, and has damaged and is damaging Plaintiff's valuable intellectual property rights by creating the false impression that Defendant and/or Defendant's Infringing Designs are authorized, sponsored, or approved by Plaintiff, when in fact, they are not.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement)

44. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 44, inclusive, of this Complaint.

45. Plaintiff is informed and believes and thereon alleges that Defendant has access to Plaintiff's designs, including, without limitation, the Subject Designs, directly through VAHAN and/or its

subsidiaries and/or affiliates or through (a) access to Plaintiff's on-line website; (b) access to widely circulated magazines that featured Plaintiff's designs (c) access to illegally distributed copies of Plaintiff's designs by third-party vendors, including without limitation international and/or overseas manufacturers; (d) access to the Plaintiff's designs as sold at retail or on-line retail stores and; (e) access to the Plaintiff's designs as displayed by Plaintiff, and Plaintiff's customers and affiliates, at fashion industry tradeshows.

46. Plaintiff is informed and believes and thereon alleges that Defendant, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

47. Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

48. Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

49. Due to Defendant's acts of copyright infringement as alleged herein, Defendant, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

50. Plaintiff is informed and believes and thereon alleges that Defendant, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

51. Plaintiff is informed and believes and thereon alleges that Defendant infringed Plaintiff's copyrights with knowledge that Plaintiff owned the exclusive rights in the Subject Designs, and that Defendant's acts described herein constituted infringement, and/or that Defendant, and each of them, were reckless in committing the infringement alleged herein. Moreover, Plaintiff is informed and believes and thereon alleges that Defendant, and each of them, have continued to procure ,import, manufacture, cause to be manufactured and/or sell infringing jewelry after Plaintiff demanded that certain Defendant cease and desist from engaging in same.

52.    Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendant, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendant willfully and intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject Designs, which renders Defendant, and each of them, liable for the enhanced and statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF

(Trade Dress Infringement)

53.    Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 53, inclusive, of this Complaint.

54.    VAHAN is the owner of the VAHAN Trademarks which encompass the VAHAN Trade Dress.

55.    VAHAN Trademarks are in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

56.    To succeed on its trade dress infringement claims, VAHAN must show that its trade dress is entitled to protection under relevant statute, and that the Defendant's trade dress infringes on the Plaintiff's trade dress by creating a likelihood of confusion in the relevant product's design.

57.    VAHAN's Trade Dress claims invoke protection for the shape and design of its product design trade dress.

58.    For decades, Plaintiff has used continuously the VAHAN Trade Dress in interstate commerce to identify the source of its products and to distinguish it from others by prominently displaying the VAHAN Trade Dress, and prominently exhibited same in advertising, promotional literature and on display materials. Through such use and association, the VAHAN Trade Dress has acquired a strong consumer awareness and a secondary meaning including, but not limited to, its petals motif. Furthermore, the VAHAN Trade Dress, as a whole, is arbitrary and nonfunctional and thus protectable.

59.    Plaintiff is informed and believes and thereon alleges that, commencing at some time unknown to Plaintiff, and without Plaintiff's consent, Defendant, and each of them, have manufactured, advertised, offered for sale, and have engaged in the sale and distribution of products

bearing the VAHAN Trade Dress, and have marketed products using advertising that similarly constituted and confusingly similar to that used by VAHAN, and have profited from same.

60. Defendant's products are substantially indistinguishable from and a blatant and obvious imitation of the VAHAN Trade Dress. The VAHAN Trade Dress, and the appearance of Defendant's products, create the same general overall impression and have the same "look and feel." Defendant's advertising similarly mimics the overall expression of VAHAN's advertising.

61. On information and belief Plaintiff asserts that the similarities between the VAHAN Trade Dress and the appearance of Defendant's products, and the similarities between the advertising, are not a mere coincidence, and said products were designed intentionally to mimic the VAHAN Trade Dress, with the intention to create and creating the false impression that Defendant' products are associated with and emanate from Plaintiff.

62. Defendant has without permission, willfully, and with the intention of benefiting from the reputation and good will of Plaintiff, imitated inter alia the shape, coloring, font, size, style, layout, design, and appearance of the VAHAN Trade Dress elements and the VAHAN advertising.

63. There is a substantial likelihood of confusion to consumers between the VAHAN Trade Dress and Defendant's products and advertising. As a consequence, Defendant's products are likely to deceive and divert and have deceived and diverted customers away from Plaintiff's genuine products.

64. The conduct of Defendant, as alleged in the foregoing paragraphs, constitutes trade dress infringement in violation of Section 43(a) of the Lanham 15 Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with that sale of goods or rendering of any services of any word, term, name, symbol, or device, or any combination thereof that is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services. As a direct and proximate result of the willful and wanton conduct of Defendant, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant are restrained by this Court from infringing the VAHAN Trade Dress.

65. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d). Plaintiff is entitled to recover its actual damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and(b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## THIRD CLAIM FOR RELIEF
(Common Law Trade Dress & Unfair Competition)

66. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 66, inclusive, of this Complaint.

67. Under New York common law, to prevail, Plaintiff need not even show the undeniable fact the VAHAN Trade Dress has secondary meaning.

68. VAHAN owns all rights, title, and interest in the popular VAHAN Trade Dress.

69. Defendant, and each and every one of them, have engaged in trade dress infringement in violation of the common law of the State of New York.

70. Defendant's unlawful and improper actions as set forth above misappropriate, and trade upon the fine reputation and goodwill of VAHAN, thereby injuring that reputation and goodwill.

71. Upon information and belief, Defendant's unlawful and improper actions further unjustly divert from Plaintiff to Defendant the benefits that rightfully belong to Plaintiff.

72. Upon information and belief, Defendant's unlawful activities constitute unfair competition and misappropriation as proscribed by the common law.

73. Defendant's acts of unfair competition and misappropriation have caused Plaintiff to sustain monetary damage, loss and injury.

74. Upon information and belief, Defendant, and each and every one of them, have engaged and continue to engage in these activities knowingly and willfully.

75. Defendant's acts of unfair competition misappropriation, unless enjoined by this Court, will continue to cause VAHAN to sustain irreparable damage, loss and injury.

76. Plaintiff has no adequate remedy at law.

77. Due to the acts of the Defendant, and every one of them, as alleged herein, VAHAN has suffered damages in an amount to be proven at trial, but on information and belief, Defendants has caused damage or will cause damage to Plaintiff.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

78. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 78, inclusive, of this Complaint.

79. The Settlement Agreement is a valid, enforceable and subsisting contract between VAHAN and Lafonn.

80. Under the terms of the Settlement Agreement, Defendant agreed not to infringe VAHAN's Subject Designs and to "cease any and all display, offer for sale, marketing, promotion, advertising, distribution and sale…" of the Infringing Designs. (Settlement Agreement, Clauses 1 and 2).

81. Upon information and belief, Defendant continues to display, offer for sale, market, promote, advertise, distribute and sell the Infringing Designs.

82. Defendant materially breached the Settlement Agreement by its actions.

83. Defendant knowingly and willfully continues to breach the Settlement Agreement by selling infringing pieces that irreparably damages Vahan.

84. As a result of Lafonn's material breach of the Settlement Agreement, VAHAN has suffered damages in an as-yet-undetermined amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

### Against All Defendant

With respect to Each Claim for Relief:

1. That Defendant, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That the Defendant be found willful in the infringement, acts, and conduct as complained of herein;
3. That Plaintiff be awarded all profits of Defendant's plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
4. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
5. That Defendant be held liable for infringement of VAHAN trade dress;
6. That Defendant, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from infringing Plaintiffs' trademark and trade dress rights;

7. Ordering that all infringing products be turned over, seized, impounded and/or destroyed;

8. An award for damages caused by Defendant's breach of the Settlement Agreement in an amount to be determined at trial;

9. That Defendant pay Plaintiff for the costs of this action and for Plaintiff's reasonable attorneys' fees, as the Court may allow;

10. That Plaintiff be awarded pre-judgment interest as allowed by law; and

11. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: November 11, 2018

**KAKAR, P.C.**

_____

Kalpana Nagampalli
kalpana@kakarlaw.net
Sumeer Kakar
sk@kakarlaw.net
525 Seventh Ave, Suite 1811
New York, NY 10018
Tel: 212-704-2014
Fax: 646-513-3353
Attorneys for Plaintiff